■ In the Matter of ROSETTA PATTERSON, Individually and on Behalf of Her Infant Children, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated September 25, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency reducing petitioner's public assistance grant. Proceeding dismissed, without costs or disbursements. Although the proceeding was improperly transferred here (CPLR 7804, subd [g]), we are dismissing the proceeding because the issue, as limited by petitioner's brief, is academic. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.

■ In the Matter of ALICE STILLS, Appellant-Respondent, v BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT NO. 1, TOWNS OF HEMPSTEAD AND NORTH HEMPSTEAD, et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the Board of Education of the Union Free School District No. 1 of the Towns of Hempstead and North Hempstead from discharging petitioner from her position as high school principal, petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered January 10, 1979, as directed that a hearing be held "solely" with regard to the issues raised as to the meaning and effect of Paragraph No. 7 of the contract dated September 1, 1972, and respondents' cross-appeal from the same portion of the afore-mentioned order. Petitioner has moved for leave to appeal. The motion is granted and, on the court's own motion, respondents are granted leave to cross-appeal, all by Mr. Justice Rabin. Order modified, on the law, by deleting the first decretal paragraph thereof, and substituting therefor a provision directing that an immediate trial be held as to the following issues: (1) the meaning and effect of Paragraph No. 7 of the contract dated September 1, 1972; (2) whether petitioner was granted tenure at a meeting of the board of education on June 15, 1976; (3) whether prior to the afore-mentioned meeting, petitioner had been recommended for tenure by the superintendent of schools; and (4) whether petitioner's discharge constituted unlawful discrimination in employment. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Since prior to June 24, 1975, section 2509 of the Education Law did not permit the conferral of tenure on school principals, the promise of tenure, allegedly made to petitioner on June 17, 1975, was of no lawful effect and did not entitle petitioner to a pretermination hearing. Additionally, we note that petitioner's claim that she was discharged in bad faith, even if proved, would not entitle her to reinstatement unless she can also show that her termination constituted unlawful employment discrimination. An immediate trial is warranted, to the extent indicated above, of the remaining factual issues framed by the pleadings. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.